UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH,
f/k/a JOHN ALBERT CASTEEL,
MARQUES CHILDS,
HENRY E. SMITH, and
JASON KRYSHESKI,

       Plaintiffs,

v.                                         Case No. 03-C-839

WISCONSIN PAROLE COMMISSION,

       Defendant.

## ORDER

Before the court is plaintiffs' "Motion of Objection," filed on April 27, 2005. Plaintiffs move the court to place this case on schedule for a jury trial. According to plaintiffs,

> [t]he question of intent, or in other words whether the defendants knowingly violated the plaintiffs' constitutional right to access to the courts, discriminatory practice of excluding parole and due process right, is an issue of fact. . . . As such, this question should be presented to the jury rather than decided on any further dispositive or summary judgment motions.

(Pls.' Mot. of Objection at 1.) Defendant has not filed a response to plaintiffs' motion.

On March 30, 2005, the court denied plaintiffs' motion for summary judgment, and granted in part and denied in part defendants' motion for summary judgment. Plaintiffs' Claims 1-21 and 23-26 were dismissed. Claims 22 and 27 remain.

Claim 22 is plaintiff Ghashiyah's access to the courts claim. Ghashiyah alleges that he was placed in "TLU" due to a false conduct report he received on July 20, 1994. He also alleges that defendants "Smith, Muraski, Garro, and Grahl used the TLU placement and the false allegations to confiscate plaintiff's legal material," and that "[t]his act resulted in the

dismissal of three (3) cases plaintiff had pending in the Wisconsin Court of Appeals." (Compl. at 9, ¶ 33.) In their motion for summary judgment, defendants' argument in support of dismissal of Claim 22 was that it was barred by the statute of limitations.

Claim 27 is brought under the American with Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq. and involves all plaintiffs. Plaintiffs assert that they have a history of drug and alcohol addiction and that prison officials refused to consider them for the benefits of work release programs, furloughs, and other programs because of their disabilities. Plaintiffs also allege that the Parole Commission follows an unwritten policy of automatically denying parole to incarcerated persons, including plaintiffs, with substance abuse history. (Compl. at 34-37, ¶¶ 259-96.) Defendants argued that they were entitled to summary judgment on plaintiffs' ADA claim, Claim 27, because 1) plaintiffs did not name the correct defendants for an ADA claim; 2) plaintiffs were not individuals with disabilities within the meaning of the ADA; and 3) plaintiff Marques Childs' parole-related ADA claim was moot.

A timely jury demand has been made by both parties in this case. See Fed. R. Civ. P. 38(b). Thus, if this case goes to trial, it will be a trial by jury. However, a renewed or successive summary judgment motion is appropriate, especially if one of the following grounds exists: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; or (3) the need to correct a clear error or prevent manifest injustice. Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995).

As noted, the March 30, 2005, order granted in part and denied in part defendants' motion for summary judgment. Defendants' motion for summary judgment was denied with respect to Claims 22 and 27, based on the arguments set forth above. Thus, plaintiffs' contention that only factual matters remain to be decided on their remaining claims is

2

inaccurate. A factual record has not been established with respect to Claims 22 and 27. Based on the foregoing, the court will allow further discovery on the remaining claims. A scheduling order setting deadlines for the completion of discovery and for the filing of dispositive motions follows. Accordingly, plaintiffs' motion of objection will be denied.

## ADDITIONAL MATTER

The Wisconsin Parole Commission, who is the proper defendant in plaintiffs' ADA claim, remains as the only defendant in the case. Service has been effected on the Wisconsin Parole Commission and an answer was filed on May 31, 2005.

Former defendants Smith, Muraski, Garro and Grahl are alleged to have been involved in Claim 22. These defendants were inadvertently dismissed from this case in the March 30, 2005, order. Accordingly, Smith, Muraski, Garro, and Grahl will be reinstated as defendants.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion of objection (Docket #108) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Smith, Muraski, Garro, and Grahl be reinstated as defendants.

## SCHEDULING ORDER

To expedite a resolution of this case, the court sets forth the following scheduling order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

3

1.  **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **October 18, 2005**.

    The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiffs and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2.  **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **November 21, 2005**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Local Rule 7.1 (E.D. Wis.) are included with this order.

    If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

    Plaintiffs are advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, plaintiffs may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3.  **Compliance with Court Rules and Orders.** Plaintiffs are further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4.  **Service.** Under Federal Rule of Civil Procedure 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

    Dated at Milwaukee, Wisconsin, this 25 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge

P:\Transfer\LA\03-C-839.SchedulingOrder2.wpd                    4

Case 2:03-cv-00839-LA   Filed 07/25/05   Page 4 of 4   Document 115